UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    18-cr-285 (PKC)

                 -against-                          ORDER

JOHNNY RODRIGUEZ,

                      Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

       Johnny Rodriguez has moved for a sentence reduction pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i), asserting "extraordinary and compelling reasons" related to the COVID-19 pandemic.  (Doc 73.)  He also moves for reconsideration of an earlier motion for the appointment of counsel.  (Id.)  The motions explain why Rodriguez believes that a reduction of his sentence is warranted.  The government has opposed his application.  (Doc 74.)  For reasons that will be explained, the motion will be denied.

MOTION FOR A SENTENCE REDUCTION

       Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction" 18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination and in isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section

3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

Rodriguez submitted a request for early release to the Bureau of Prisons on May 20, 2020.  (Doc 73 at 25.)  On June 6, 2020, an executive assistant to FCI Fort Dix Warden David Ortiz advised Rodriguez to resubmit his request identifying a specific category from the BOP Program Statement 5050.50 under which he can claim an "extraordinary and compelling reason" for sentence reduction.  (Doc 73 at 36.)  After Rodriguez clarified that he sought relief under 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act of 2018, which he argued does not require him to identify a specific category listed by the BOP's Program Statement, Warden Ortiz issued a signed letter on June 22, 2020 denying him relief.  (Doc 73 at 37–38.) More than thirty days have passed since this denial, and the government does not contest administrative exhaustion.

Rodriguez asserts that he suffers from serious medical conditions, including chronic allergies, sublingual gland disorder, high blood pressure, and chronic pain and fatigue. (Doc 73 at 15.)  He argues that these medical conditions, in combination with FCI Fort Dix's handling of the COVID-19 pandemic, his post-conviction conduct, and his low risk of recidivism, constitute extraordinary and compelling circumstances warranting release under 3582(c)(1)(A).  Rodriguez is 34 years old.  (Doc 73 at 15.)  Current CDC guidance states that adults with hypertension "might be at an increased risk for severe illness from COVID-19."[1]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last updated Dec. 29, 2021).

The Court accepts that a person at liberty has greater control than an incarcerated person over his surroundings and can quarantine, practice social distancing and use personal protective equipment as he sees fit. Also, in the event that Rodriguez contracted the Covid-19 virus, he would have greater control over the course of his medical treatment if he were at liberty rather than incarcerated.

Rodriguez is housed at the Federal Correctional Institute in Fort Dix, New Jersey. The Court acknowledges that FCI Fort Dix is in the midst of a COVID-19 outbreak, as the BOP Website currently reports that 571 inmates of approximately 2,749 in total have confirmed active cases, along with 17 staff members.[2] Visiting is suspended until further notice. No deaths have been reported. The Warden of FCI Fort Dix has the discretion to grant a temporary furlough under specified circumstances, a power that the district court does not possess. 18 U.S.C. § 3622.

Taking full account of Rodriguez's medical condition, the conditions at FCI Fort Dix, and the section 3553(a) factors, Rodriguez's motion will be denied.

On May 20, 2019, Rodriguez entered a plea of guilty to one count of conspiracy to distribute 100 grams or more of heroin. (Doc 64.) As the Presentence Report (Doc 69 – "PSR") sets out, Rodriguez was arrested on September 13, 2017, when a confidential source traveled to a Yonkers apartment to obtain a sample of fentanyl. There, Rodriguez and his co-defendant provided the source with a bag containing approximately 100 grams of narcotics. (PSR at ¶ 11; Sentencing Tr. at 17.) Later that afternoon, law enforcement officers witnessed a drug transaction between Rodriguez and two co-conspirators, where Rodriguez placed a large

---

[2] See Covid-19 Cases, Federal Bureau of Prisons (last updated January 5, 2021), https://www.bop.gov/coronavirus/; see also George Woolston, *FCI Fort Dix sees 2nd COVID outbreak as active cases top 450*, Burlington County Times (January 5, 2021), https://www.burlingtoncountytimes.com/story/news/2020/12/30/fci-fort-dix-sees-2nd-covid-outbreak-active-cases-top-450-prison-coronavirus-new-jersey/4092150001/.

box in the back seat of his vehicle.  (PSR at ¶ 12; Sentencing Tr. at 17.)  He then left the area and

drove into New Jersey, where he was pulled over.  The box was found to contain 20 kilograms of

heroin, including the packing material for sales.  (PSR at 13; Sentencing Tr. at 18.)  After the

arrest, law enforcement officers learned that Rodriguez packaged the narcotics that he possessed

in an apartment that he rented, and was planning to distribute the narcotics in New Jersey.  (PSR

at ¶ 14; Sentencing Tr. at 18.)  He concealed the narcotics in a hidden compartment under the

back seat of his vehicle.  (Id.)  This was not Rodriguez's first drug distribution conviction.  In

February 2006 he received a 23-month sentence for a state narcotics charge involving the

distribution of cocaine.  (PSR at ¶ 36.)  During that arrest, Rodriguez was found with cocaine

distribution paraphernalia, and was driving a vehicle with a hidden compartment under the

passenger seat to transport the cocaine.  (Id; Sentencing Tr. at 18.)

   For the instant offense, Rodriguez's advisory Guidelines range of imprisonment

was between 87 to 108 months.  (PSR at ¶ 71.)  The Court imposed a below Guidelines sentence

of  principally 72 months imprisonment.  (Doc 68.)  In its statement of reasons, the Court noted

that Rodriguez was "utterly indifferent to where the heroin went, who consumed it, whose family

might be without a father or a mother. . . and the crimes that people who become dependent on

heroin commit."  (Sentencing Tr. at 19.)  However, noting Rodriguez's "efforts at cooperation,

as well as his family's seeming dependence on him" the Court sentenced Rodriguez to 72-

months' imprisonment.

   The government asserts that the Bureau of Prisons ("BOP") anticipates that with

credit for good conduct, Rodriguez's anticipated release date is October 19, 2023.  (Doc 74 at 2.)

The BOP website currently lists his release date as October 19, 2022.[3]  According to the Court's

---

[3] See https://www.bop.gov/inmateloc/

calculation, the government is correct.  Rodriguez surrendered to the United States Marshal on September 11, 2018.  (Doc 49 at 20.)  Accounting for good conduct, he would serve approximately 61.2 months of his originally 72-month sentence, putting his release date in October 2023.  But regardless of these calculations the outcome of Rodriguez's motion will not change.  As of the date of the government's response on November 9, 2020, he has served just 27% of his already below-Guidelines sentence.  Reducing Rodriguez's sentence to time served would have the effect of reducing his sentence by approximately 34 months (22 months taking the date listed on the BOP Inmate Locator website).

The Court has considered the need to protect the public from further crimes of Rodriguez, who now twice has been convicted of charges involving narcotics distribution.  It has also taken account of all of the other section 3553(a) factors, including the seriousness of the offense, the need for just punishment, and Rodriguez's history and characteristics, including his admirable post-conviction conduct thus far.  The Court has also considered the time he has served in prison to date, his medical conditions, including hypertension, chronic fatigue, allergies, and sublingual gland disorder.  The Court has also considered the conditions at his BOP facility and the on-going Covid-19 pandemic.  Though FCI Fort Dix is in the midst of an outbreak, they have consulted with several organizations on implementing a BOP plan to mitigate the COVID-19 risk within the prison.  See Wragg v. Ortiz, 462 F. Supp. 3d 476, 508 (D. N.J. 2020).  Taking all considerations both in isolation and in combination, the Court concludes that Rodriguez has not demonstrated an extraordinary and compelling reason to reduce his sentence.

MOTION FOR APPOINTMENT OF COUNSEL

Mr. Rodriguez also moves to have the court appoint him counsel in connection with his motion for a sentence reduction.  However, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and. . . the provision of such counsel should rest in the discretion of the district court."  United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (citing United States v. Reddick, 53 F.3d 462, 464–65 (2d Cir. 1995)).  "The merits of a motion for compassionate relief are a significant factor in the exercise of that discretion."  United States v. Ramos, No. 14-cr-484 (LGS), 2020 WL 6801918, at *1 (S.D.N.Y. Nov. 19, 2020) (quoting Reddick, 53 F.3d at 465 n.2) (internal quotation marks omitted).  In light of the merits of Rodriguez's brief as discussed above, as well as the factors set out in Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986), the Court concludes that appointment of counsel is not appropriate.

CONCLUSION

For these reasons, Rodriguez's motions for motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and for the appointment of counsel are DENIED.  The Clerk is directed to terminate the relevant motions (Docs 71, 73).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        January 8, 2021